UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| A.C., C.P., T.T., T.M., T.B., R.P., and C.W., <br><br> Plaintiffs, by and through their next friends and guardians, <br><br> v. <br><br> Magnolia Independent School District, <br><br> Defendant. | Civil Action No. 4:21-cv-3466 |

**COMPLAINT**

1. Since the start of this school year, Magnolia Independent School District ("Magnolia ISD") has imposed immense and irreparable harm on Plaintiffs—who are seven students between the ages of seven and seventeen—solely because of these students' gender. Plaintiffs have been subject to severe, ongoing, and escalating harms due to the district-wide policy that prohibits boys, but not girls, from wearing long hair: they have been denied classroom instruction, barred from extracurricular activities, and forced to be suspended and separated from their peers for well over a month simply because these students do not conform to Magnolia ISD's stereotypical notions of gender.

2. Magnolia ISD has vigorously defended and enforced this unlawful gender-based policy as it continues to derail Plaintiffs' lives and education. Plaintiffs, their parents, and their community have voiced their concerns about this discriminatory policy directly to the district, but Magnolia ISD has only intensified the enforcement of this policy against them and imposed

1

lasting harm to students at nearly every grade level. Magnolia ISD has vigorously punished Plaintiffs, including by sending some Plaintiffs to in-school suspension ("ISS") for weeks on end and even forcing others to be removed from campus entirely to a disciplinary alternative education program ("DAEP"). As a result, three Plaintiffs have been temporarily pushed out of school altogether.

3. Magnolia ISD has offered no rationale that could justify the severe and ongoing deprivation of Plaintiffs' constitutional and federal rights to be free from gender discrimination. The district's inconsistent enforcement of this policy further demonstrates that there is no possible justification for harming Plaintiffs due to their gender. During the prior school year, all students in Magnolia ISD were permitted to wear long hair without repercussion, including during in-person classes and at all extracurricular activities. Several Plaintiffs have worn long hair at school for years without incident. This school year, the district continues to allow all girls in the district to wear long hair while also permitting some boys, particularly members of the high school football teams, to continue wearing visibly long hair that violates the dress code. This arbitrary and selective enforcement undermines any justification that Magnolia ISD has for discriminating against Plaintiffs based on gender.

4. Plaintiffs seek urgent relief from this Court to stop Magnolia ISD from continuing to inflict irreparable harm by discriminating against them based on gender.

I. **Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action raises federal questions and seeks to redress the deprivation of federal civil rights under the Fourteenth Amendment to the Constitution, pursuant to 42 U.S.C. § 1983, and Title IX, 20 U.S.C. § 1681.

6. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims took place in this district and because the Defendant resides in this district.

7. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## II. Parties

8. Plaintiffs are seven students at Magnolia ISD who bring this action by and through their next friends and legal guardians.

9. **Plaintiff A.C.** is a boy who is nine years old and was recently a fourth-grade student at Ellisor Elementary School in Magnolia ISD. A.C. wears long hair in a ponytail and keeps it out of his face. A.C. has never once had a haircut and has only trimmed, rather than cut, his hair. Wearing long hair is a critical part of who A.C. is. He is Latino and many men in his family wear long hair, including his dad and uncle. Wearing long hair adds to A.C.'s self-confidence and is an important part of his family heritage. A.C. has a sister who also attends Ellisor Elementary School and is allowed to wear long hair without being punished, and A.C. seeks this same treatment. As further described below, Magnolia ISD kept A.C. in ISS for over a month and ordered him to be removed from campus and placed in DAEP simply because he is a boy who wears long hair. When Magnolia ISD refused to provide transportation to DAEP and threatened even harsher consequences against him, A.C. was forced to drop out of school entirely. A.C. is now being homeschooled, but he seeks to return to in-person classes at Ellisor Elementary School with his sister as quickly as possible.

10. **Plaintiff C.P.** is a boy who is 15 years old and was recently in tenth grade at Magnolia West High School. C.P. considers his hair to be one of the only aspects of his life that he has full control over: he had a particularly difficult time during the COVID-19 pandemic and

3

lost both his mother and grandmother in the past year. C.P. also helps take care of his brother, who has autism. C.P. loves wearing long hair and has grown his hair out for the past three years. C.P. takes pride in his hair and keeps it groomed and out of his face. As further discussed below, C.P. was placed in ISS for over a month for wearing long hair and ultimately removed from his campus and sent to DAEP. Because Magnolia ISD did not provide transportation to DAEP and threatened even harsher consequences against him, C.P. was forced to temporarily drop out of Magnolia ISD, but he seeks to return to the district as quickly as possible and be able to attend Magnolia West High School without being discriminated against based on gender.

11. **Plaintiff T.T.** is a boy who is 17 years old and was recently in eleventh grade at Magnolia West High School. T.T. has attended Magnolia ISD for the last six years and has worn long hair at Magnolia West High School for over two years without any problems. T.T. is proud of his hair and wears it groomed and out of his eyes. This school year, Magnolia ISD placed T.T. in ISS for over five weeks and then removed him from campus altogether by sending him to DAEP only because of his gender and hair. Because Magnolia ISD threatened even harsher consequences against him while in DAEP, T.T. was forced to temporarily unenroll from the district, but he seeks to return to Magnolia ISD as soon as possible without being required to cut his hair.

12. **Plaintiff T.M.** is 11 years old and is a fifth-grade student in Magnolia ISD. T.M. is non-binary and uses they/them pronouns. Gender identity is a person's deeply held sense of their own gender; and non-binary people have a gender identity that is neither male nor female. Although T.M. was assigned the gender "male" at birth, they have never felt exclusively male or female. Sometimes T.M. expresses their gender identity more like a boy, but other times T.M. expresses their gender identity more like a girl. T.M. has worn long hair for the last couple years

4

as a critical component of expressing their gender identity. If T.M. is forced to wear short hair based on gender stereotypes associated with their gender assigned at birth, T.M. will lose a vital part of who they are and sacrifice an essential element of their gender expression. As further discussed below, Magnolia ISD has punished T.M. for wearing long hair by placing them in ISS and denying their ability to participate in extracurricular activities, and T.M. seeks to be able to wear long hair at Magnolia ISD without being punished as a fundamental part of expressing who they are.

13.     **Plaintiff T.B.** is a boy who is 17 years old and an eleventh-grade student at Magnolia High School. He has attended Magnolia ISD since kindergarten. T.B. is an excellent student and an accomplished musician. Many of T.B.'s role models, including musicians who inspire him as well as his dad, wear long hair. T.B. has worn long hair at Magnolia ISD without being disciplined for the past five years, and he has worn long hair for his entire time at Magnolia High School without any problems. But this year, T.B. was sent to ISS, denied the ability to receive classroom instruction and participate in study groups, and barred from participating in band events. T.B. eventually made the difficult decision to cut his hair so that he could return to class and participate in band, but his hair is already growing back and he does not want to be forced to get another haircut or be subjected to discipline because of his gender.

14.     **Plaintiff R.P.** is a boy who is seven years old and a second-grade student at Magnolia Elementary School. R.P. has always worn long hair as a way to express himself and he experiences anxiety whenever he has been forced to cut his hair. Many of R.P.'s role models, including baseball players on the Houston Astros, wear long hair. Last school year, R.P. was able to wear long hair while attending in-person classes at Magnolia Elementary School without any problems. But at the start of this school year, Magnolia ISD administrators told R.P. that he

would need to cut his hair or be sent to ISS. In order to avoid this harm, R.P. cut his hair, but it has already started growing back, and R.P. seeks the ability to keep wearing long hair at Magnolia ISD without being punished because of his gender.

15. **Plaintiff C.W.** is a boy who is 12 years old and a seventh-grade student at Bear Branch Junior High. C.W. has worn long hair for most of his life, and wearing long hair gives him confidence and makes him feel unique. C.W. started at Magnolia ISD this January and was allowed to wear long hair while attending in-person classes without any problem for the entire spring semester. But this August, he was told that he would be sent to ISS if he did not cut his hair. C.W. and his family made the difficult decision to cut his hair in August to avoid the harsh punishments threatened against him. C.W.'s hair has already grown quite long once again and he faces an imminent threat of being forced to cut his hair and conform to gender stereotypes or being punished because of his gender under Magnolia ISD's discriminatory hair policy.

16. **Defendant Magnolia Independent School District** is a public school district in Magnolia, Texas. The district has 17 schools and over 13,000 students.

## III. Factual Background

### A. Magnolia ISD's Dress Code Facially Discriminates Based on Gender

17. On August 2, 2021, the Magnolia ISD school board voted to approve the district's student handbook, which contains the district's dress and grooming code for students in all grade levels from kindergarten through twelfth grade.

18. The Magnolia ISD 2021-2022 Student Handbook states that "hair will . . . [b]e no longer than the bottom of a dress shirt collar, bottom of the ear, and out of the eyes *for male students*," and hair must also "[n]ot be pinned up in any fashion nor be worn in a ponytail or bun *for male students*" (emphasis added).

19. In addition to this hair policy that forms the basis of this lawsuit, Magnolia ISD's dress and grooming code contains another restriction that treats students differently based on gender. The handbook states: "Earrings may be worn only by girls. Earrings worn by boys will be confiscated and may not be returned to the student."

20. If students do not comply with these gender-based policies, the Magnolia ISD handbook authorizes school administrators to engage in escalating punishments against them: "If the principal determines that a student's grooming or clothing violates the school's dress code, the student will be given an opportunity to correct the problem at school. If not corrected, the student may be assigned to in-school suspension [ISS] for the remainder of the day, until the problem is corrected, or until a parent or designee brings an acceptable change of clothing to the school. Repeated offenses may result in more serious disciplinary action in accordance with the Student Code of Conduct."

21. The 2021-2022 Magnolia ISD Student Code of Conduct was also adopted by the Magnolia ISD school board on August 2, 2021. The Code of Conduct states that "Students shall not . . . [v]iolate dress and grooming standards as communicated in the Student Handbook."

22. If students violate the gender-based hair policy, the Code of Conduct authorizes school administrators to remove students from campus and place them in the disciplinary alternative education program (DAEP).

23. Magnolia ISD's stated justification for its dress and grooming code is written in school district policy FNCA (Local), which was adopted by the Magnolia ISD school board in June 2007: "The District's dress code is established to teach grooming and hygiene, instill discipline, prevent disruption, avoid safety hazards, and teach respect for authority." As further

described below, these stated goals do not justify Magnolia ISD's disparate treatment of Plaintiffs based on gender.

24.     Magnolia ISD's grooming policy is based on impermissible gender stereotypes—namely, that short hair is more "masculine," more professional, and more conducive to traditionally male-dominated occupations and activities. The school district's requirement that boys must wear short hair reflects harmful generalizations about what constitutes typical and appropriate "masculine" behavior and appearance standards for boys. In doing so, the policy also reinforces archaic assumptions about what constitutes "feminine" behavior and appearance standards for girls. Magnolia ISD's gender-specific hair policy, therefore, constitutes unlawful gender discrimination.

### B. Magnolia ISD Previously Allowed All Students in the District to Wear Long Hair Without Any Issues

25.     Prior to the current school year, Magnolia ISD had a gender-specific hair policy that applied to all Magnolia ISD students, but these hair restrictions were not (and continue to not be) evenly enforced against students in the district. Many Plaintiffs wore long hair in Magnolia ISD schools *for years* without ever being told to cut their hair by school administrators. For example, Plaintiff T.B. has worn long hair in Magnolia ISD for the last five years without being subject to discipline. Wearing long hair did not cause any problems, nor did it jeopardize the grooming and hygiene, discipline, safety, lack of disruption, or respect for authority of students in the district.

26.     For all of last school year, Magnolia ISD did not require any student in the district to cut their hair based on gender. Plaintiffs T.T., T.B., T.M., R.P., and C.W. were each allowed to attend regular, in-person classes and participate in all school activities while wearing long hair

last school year without any effect on their grooming and hygiene, discipline, safety, disruption, or respect for authority.

### C. Magnolia ISD Has Vigorously Enforced Its Gender-Based Hair-Length Rule Against Plaintiffs this School Year While Inflicting Irreparable Harm

27. Although Plaintiffs previously wore long hair in Magnolia ISD without incident for years, the district decided to vigorously enforce its gender-based hair restrictions this school year by punishing or threatening to punish Plaintiffs for wearing long hair.

28. On August 11, 2021, every Plaintiff went to school for the first day of the new school year. At the start of the school year, Plaintiffs were told by school administrators that they would need to cut their hair to comply with the district's gender-based hair policy or face increasingly harsh consequences.

*Plaintiff A.C.*

29. Plaintiff A.C.'s family recently moved to Magnolia ISD and he was excited to attend in-person school after only being able to do virtual school for the past two years. But A.C.'s family was told on the first day of school that A.C. would need to cut his hair or be sent to ISS. A.C.'s mom explained to school administrators that her son had never once cut his hair and that many men in A.C.'s family, including his dad and uncle, also wear long hair, but the district refused to back down and sent A.C. to ISS on August 23.

30. For the next five weeks, A.C. was denied regular classroom instruction and not permitted to attend art, music, physical education, recess, or lunch while in ISS. As A.C. was separated from his peers, his grades plummeted and he found it impossible to make friends at a new school. The only time that he interacted with other students was on the school bus, where another student made fun of him by calling him "ISS kid."

31. On September 30, Magnolia ISD ordered A.C. to be removed from campus entirely and sent to DAEP for seven weeks because of his gender and the fact that he wears long hair. DAEP is an alternative disciplinary school that is typically reserved for students who have violated state or federal law or committed serious violations of school policies. Magnolia ISD does not provide any transportation to DAEP, and DAEP policies require boys to wear short hair and authorize even harsher punishments against students who do not comply, including but not limited to: requiring a parent to sit in class with the student, before or after school detention, isolation, loss of a desk (requiring the student to sit on a stool), additional days added to DAEP, in or out of school suspension, being forced to copy the DAEP rules by hand, and referrals to law enforcement.

32. Because A.C. risked facing even more serious punishments because of his gender and wearing long hair while in DAEP, A.C.'s family had no other option but to temporarily unenroll him from the district on October 12. Because Magnolia ISD's DAEP order is still actively being enforced against him, A.C. also faces difficulty enrolling in another school district. The only way that his family can continue his education is to homeschool him, but A.C. wants to return to in-person school as quickly as possible and receive the same academic, extracurricular, and social opportunities as other students in Magnolia ISD without being discriminated against based on gender.

*Plaintiff C.P.*

33. Plaintiff C.P. was eager to attend in-person school this fall after being enrolled in virtual school for the past two years. Before the start of school, he tried out for and secured a spot on Magnolia West High School's junior varsity tennis team. But once school started, he was told that he needed to cut his hair and was sent to ISS for five weeks. Once there, C.P. was

10

separated from his peers, denied the ability to attend his classes, and forced to miss all of his tennis practices and matches. On September 30, the district ordered C.P. to be removed from campus and sent to DAEP. Because he had no way of getting there and the district threatened even harsher punishments against him for wearing long hair, C.P.'s family had no other option but to temporarily unenroll him from the district. Because Magnolia ISD's DAEP order is still being actively enforced against him, C.P. also faces difficulty enrolling in any other school district. He is currently being homeschooled but seeks to return to Magnolia ISD as quickly as possible without being punished and discriminated against based on gender.

*Plaintiff T.T.*

34.     Despite having worn long hair in Magnolia ISD for the last two years without any problems, Plaintiff T.T. was told this August that he needed to cut his hair. He was sent to ISS on August 24 and forced to remain there for five weeks while being separated from his peers. T.T.'s grades dropped significantly and he started failing some of his classes. On September 30, the district ordered T.T. to be removed from campus and sent to DAEP. Faced with the threat of increasingly harsh punishments simply for wearing long hair, T.T.'s family had no other option but to temporarily unenroll him from the district. Because Magnolia ISD is actively enforcing a DAEP order against him, T.T. faces difficulty enrolling in any other school district and is currently being homeschooled. But T.T. wants to return to in-person school as quickly as possible and receive the same academic, extracurricular, and social opportunities as other students in Magnolia ISD without being discriminated against based on gender.

*Plaintiff T.M.*

35.     Plaintiff T.M. previously wore long hair in Magnolia ISD without incident as a way to express their gender. Even though T.M. is non-binary, Magnolia ISD has enforced its

11

gender-based hair policy against T.M. based on the gender that they were assigned at birth. This August, T.M. was told that they would need to cut their hair and was sent to ISS for nine school days, where T.M. was ostracized and separated from their friends. T.M.'s mother spoke to the school board and media about Magnolia ISD's discrimination against her child, and the *Houston Chronicle* ran a story about the district's ongoing harms to T.M. After this article was published, Magnolia ISD agreed to a 60 day "pause" on enforcement of the district's gender-based hair policy only against T.M. During this temporary pause on enforcement, T.M. was permitted to return to regular classes but was not allowed to participate in student government or other extracurricular activities. Magnolia ISD also denied T.M.'s grievance that asked the district to stop enforcing it discriminatory hair policy while this pause remained in effect. Now the pause on enforcement is set to expire on October 30 and T.M. is at imminent risk of being sent back to ISS and/or DAEP if the district's hair policy is allowed to be enforced against them.

### *Plaintiff T.B.*

36. Plaintiff T.B. has worn long hair in Magnolia ISD without any problem for the past five years. But this August, he was sent to ISS for eight school days for wearing long hair. While in ISS, T.B. was separated from his friends, denied the ability to participate in jazz or marching band, and experienced severe stress and anxiety. He was also forced to drop out of Advanced Placement Physics since he could not attend his lunchtime study group while stuck in ISS. Because of the severity of these punishments, T.B. made the difficult decision to cut his hair for the first time in over five years. While this decision enabled T.B. to return to classes, his long hair is already growing back and he faces an imminent risk of Magnolia ISD's discriminatory hair policy being enforced against him once again.

*Plaintiff R.P.*

37. Plaintiff R.P. is a second-grade student who was forced to cut his hair by Magnolia ISD during his kindergarten year but was permitted to wear long hair while attending in-person classes last school year without problem. This August, R.P. was told that he needed to cut his hair or would be sent to ISS. In order to avoid the harms of being stuck in ISS, R.P. made the difficult decision to cut his hair at the start of the school year. But R.P.'s hair is already long again and he could soon be forced either to get another haircut and conform to gender stereotypes or face severe consequences under the district's gender-based hair policy.

*Plaintiff C.W.*

38. Plaintiff C.W. is a seventh-grade student who wore long hair last spring in Magnolia ISD without any problem, but he was told this August that he had to cut it or would be sent to ISS. In order to avoid the cascading consequences of being stuck in ISS, C.W. got a haircut at the end of August, but his hair has already grown back and he is afraid that Magnolia ISD administrators will soon enforce this gender-based hair policy against him again.

**D. While Plaintiffs Have Been Severely Punished, Many Other Students in Magnolia ISD, Including Boys on the High School Football Teams, Have Worn Long Hair Without Repercussion**

39. As Plaintiffs have had their educational careers derailed by Magnolia ISD's gender-based hair restrictions, other students in the district continue to wear long hair without any problem. Girls make up roughly half of students in Magnolia ISD and are permitted to wear long hair, including by pinning it up or having it in a bun or ponytail.

40. Some boys at Magnolia ISD have also been permitted to keep wearing long hair, even while Plaintiffs have been severely disciplined for similar conduct. Every week from the end of August through the filing of this suit, Magnolia ISD has published photos and videos

online of boys in the district who play on the high school football teams and wear long hair that appears to violate the district's gender-based hair policy. While Plaintiffs were barred from participating in tennis, band, and other school activities while being punished in ISS for wearing long hair, other boys in Magnolia ISD have been allowed to keep playing sports, participating in school activities, and attending regular classes while wearing long hair. Magnolia ISD's sporadic or selective enforcement of its gender-based hair restrictions highlights the arbitrary nature of this policy and undermines any justification that the district might have for enforcing it against Plaintiffs.

### IV. Causes of Action

41. For both Counts, all of the foregoing allegations are repeated and realleged as though fully set forth therein.

**Count One: Equal Protection under the Fourteenth Amendment to the U.S. Constitution, Pursuant to 42 U.S.C. § 1983**

42. Magnolia ISD is a public school district and a government entity that is discriminating against Plaintiffs based on gender in violation of the Equal Protection Clause.

43. The Magnolia ISD school board is the final policymaker for the district and acted under color of state law by promulgating and ratifying a written and official policy that has deprived Plaintiffs of their constitutional right to equal protection under the law.

44. Magnolia ISD has adopted and enforced a dress and grooming policy that facially and intentionally discriminates against Plaintiffs based on gender and gender stereotypes. "Male students" are specifically prohibited from wearing hair that is longer than the bottom of a dress shirt collar or bottom of the ear, and it may not be pinned up or worn in a ponytail or bun. As written and as enforced, this policy subjects Plaintiffs to disparate treatment based on gender and gender stereotypes, and deprives them of equal access to a public education.

45. Magnolia ISD's decision to impose different hair restrictions on students based on gender lacks any adequate justification and fails constitutional scrutiny. Any possible justification for treating Plaintiffs differently based on gender would be based solely on overbroad generalizations and gender stereotypes, which violates the Equal Protection Clause. And even if Magnolia ISD could assert an adequate justification, the means it employs are not substantially related to those ends.

### Count Two: Title IX of the Education Amendments of 1972

46. Magnolia ISD is a public school district that receives federal funding from the U.S. Department of Education.

47. Title IX provides that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

48. The Title IX implementing regulations of the U.S. Department of Education prohibit a recipient of Federal financial assistance from discriminating against students based on gender, including by subjecting "any person to separate or different rules of behavior, sanctions, or other treatment." 34 C.F.R. §§ 106.31(a) and (b)(4), 7 C.F.R. § 15a.31(a).

49. By enforcing gender-based hair restrictions on Plaintiffs, Magnolia ISD has denied their ability to participate in education programs and activities based solely on gender and gender stereotypes. Plaintiffs have also been deprived of the benefits of Magnolia ISD's educational programs and are being discriminated against based on gender and gender stereotypes in violation of Title IX.

## V. **Prayer for Relief**

Plaintiffs respectfully ask this Court to:

50. Exercise its jurisdiction over this matter;

51. Enter a temporary restraining order, preliminary injunction, and permanent injunction to stop Magnolia ISD from enforcing its gender-based hair restrictions that violate the Equal Protection Clause and Title IX;

52. Declare that Magnolia ISD's gender-based hair restrictions violate the Equal Protection Clause and Title IX;

53. Award reasonable costs and attorneys' fees under 42 U.S.C. § 1988(b), and any other applicable statute or regulation;

54. Award nominal damages; and

55. Grant such further relief as the Court may deem proper.

Respectfully submitted,

*/s/Brian Klosterboer*
Brian Klosterboer, *attorney-in-charge*
TX Bar No. 24107833, SDTX No. 3314357
Adriana Pinon
TX Bar No. 24089768, SDTX No. 1829959
Andre Segura
TX Bar No. 24107112, SDTX No. 3123385
ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax. (713) 942-8966
bklosterboer@aclutx.org
apinon@aclutx.org
asegura@aclutx.org

Linda Morris*
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7823


lindam1@aclu.org

*pro hac vice* forthcoming